RECEIPT # 63759
AMOUNT $ 250
SUMMONS ISSUED Y-3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK. M
DATE 4-25-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DONALD STRUNK                    \*
   Plaintiff                    \*
                                    \*
v.                                \*        **COMPLAINT**
                                  \*
DONALD RUMSFELD, SECRETARY,       \*
DEPARTMENT OF DEFENSE             \*        **05-10826 GAO**
   Defendants                   \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MAGISTRATE JUDGE Bowler

1. This is an action for disability discrimination under the Rehabilitation Act (29 U.S.C. §794 *et seq.*) and retaliation under Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e *et seq.*).

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

3. Plaintiff Donald Strunk currently resides in Billerica, Massachusetts. At all relevant times Strunk has been an employee of defendant Department of Defense.

4. Defendant Donald Rumsfeld is the Secretary of the defendant Department of Defense.

5. Strunk served honorably on active duty in the US Army from December, 1976, to May, 1980.

6. Strunk entered Federal Civil Service with the US Postal Service in 1982, establishing a Federal Civil Service start date of 1978.

7. Strunk has been with the Department of Defense since 1986.

8. Strunk is disabled and an 80% disabled veteran.

1

9. In 2001 Strunk filed an EEO complaint based upon disability and age against the Defendants. A settlement agreement regarding this complaint was executed on September 26, 2002. The Defendants have not complied with the terms of this agreement.

10. Strunk's supervisor at the time of the complaint and settlement agreement was Joseph Sweeney.

11. In approximately June, 2003, Strunk applied for the position of Director, Program Support and Customer Relations, DCMAE-PI, GS 1101-14/15, Boston, Massachusetts.

12. Strunk was rated qualified and was referred for consideration for this position along with other candidates.

13. A rating panel was convened to rate and rank the qualified applicants. Sweeney was a member of this panel.

14. By letter dated August 8, 2003, Strunk was advised that he was not selected for this position and instead it had been awarded to Linda R. Maturo.

15. Upon information and belief Maturo did not meet the minimum qualifications for the position in question.

16. In approximately July, 2003, Strunk applied for the position of Contracts Mission/Resource Managers, DCMAE-O, GS 1101-14, Boston, Massachusetts under two separate DCMAE job announcements numbered DCMAE-03-2912 and DCMAE 03 2791.

17. Strunk was initially rated qualified for both positions and was referred for consideration for this position along with other candidates.

18. Strunk was discriminated against as he was later rated not competitive and removed from referrals for consideration for this position despite the requirement under the Disabled

Veterans Affirmative Action Plan which required that he remain qualified and referred.

19. By letter dated August 8, 2003, Strunk was not advised by that he was not selected for this position and instead it had been awarded to Noreen Cassaro.

20. In March, 2005, the defendants again discriminated and retaliated against Strunk by non competitively appointing Margaret Ciocca to the position of Deputy Director, Program Support and Customer Relations, DCMAE-PI, GS 1101-14, Boston, Massachusetts.

21. Strunk was discriminated and retaliated against as he was qualified for this non competitive position and not appointed despite the requirement under the Disabled Veterans Affirmative Action Plan, which requires non competitive appointments of DAV to promotional opportunities for which they are qualified.

22. Upon information and belief Ciocca did not meet the minimum qualifications for the position in question.

23. Strunk superseded the minimum qualifications for the position in question. Strunk is a member of the Defense Acquisition Corps.

24. Strunk should have been awarded these positions in question.

25. By being passed over for these positions, Strunk was discriminated against on the basis of his disability.

26. By being passed over for this and other positions, the defendants failed to advance Strunk on account of, or to take into consideration, his disabilities and disabled veteran status.

27. By being passed over for this and other positions, Strunk was retaliated against for having pursued an EEO claim the prior year.

28. Strunk has also been passed over for promotional positions, as retaliation against for having

pursued an EEO claim the prior year.

29. The foregoing conduct constitutes disability discrimination and retaliation in violation of the Rehabilitation Act (29 U.S.C. §794 *et seq.*) and Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e *et seq.*)

30. Because of the foregoing conduct, Strunk has suffered a loss of wages and benefits and has suffered significant pain and suffering.

**WHEREFORE** plaintiff demands:

A. Judgment against the defendants;

B. An order enjoining defendants from future retaliation;

C. An order requiring defendants to promote the plaintiff to the grade of GS 15 step 1 with the seniority date of 8 August 2004;

D. All lost moneys and benefits;

E. Compensatory damages;

F. Punitive damages;

G. Attorney's fees;

H. Interest and costs; and

I. Any other remedy this Court deems meet and just.

**PLAINTIFF REQUESTS A JURY TRIAL**

Donald Strunk
By his attorney

_____
Scott A. Lathrop, Esq.
Scott A. Lathrop & Associates
122 Old Ayer Road
Groton, MA 01450
(978) 448-8234
BBO No. 287820

Dated: April 22, 2005

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
DONALD STRUNK

## DEFENDANTS
DONALD RUMSFELD, SECRETARY, DEPARTMENT OF DEFENSE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **MIDDLESEX**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

SCOTT A. LATHROP, P.C.
122 OLD AYER ROAD
GROTON, MA 01450
978-448-8234

ATTORNEYS (IF KNOWN)

**05 - 10826 GAO**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.

VIOLATION OF REHABILITATION ACT (29 USC 794) AND TITLE VII OF THE 1964 CIVIL RIGHTS ACT (42 USC 2000e)

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ **LOST MONIES**

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
NONE

JUDGE _____ DOCKET NUMBER _____

DATE 4/22/05   SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __STRUNK v. RUMSFELD__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___   V.   150, 152, 153.

   05 - 10826 GAO

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   NONE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES_NO_____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES_NO_____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES_NO_____ (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? EASTERN

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION NO_____ OR WESTERN SECTION NO_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME_____SCOTT A. LATHROP_____
ADDRESS_____122 OLD AYER ROAD, GROTON, MA 01450_____
TELEPHONE NO._____978-448-8234_____

(Category.frm - 09/92)