UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD STRUNK,<br>    Plaintiff,<br><br>-v-<br><br>DONALD H. RUMSFELD, Secretary<br>    U.S. Department of Defense<br>(Defense Contract Management Agency),<br>    Defendant. | Civil Action No.:<br>CA NO: 05-10826-GAO |

## **ANSWER**

COMES NOW the defendant Donald H. Rumsfeld, Secretary of the Department of Defense (Defense Contract Management Agency), by and through Rayford A. Farquhar, Assistant United States Attorney, for the District of Massachusetts and answers the plaintiffs complaint in this action as follows:

The defendant answers the particular allegations of the plaintiffs complaint as follows:

1. Paragraph 1 of the complaint contains conclusions of law for which neither an admission nor a denial is required. To the extent that an answer is required the defendant denies the allegations contained in Paragraph 1.

2. Paragraph 2 of the complaint contains conclusions of law for which neither an admission nor a denial is required. To the extent that an answer is required the defendant denies the allegations contained in Paragraph 2.

3. The defendant possesses insufficient facts to confirm or deny the first

sentence of paragraph 3. The defendant admits the second sentence of paragraph 3.

4. The defendant admits the allegations in paragraph 4.

5. The defendant possesses insufficient facts to confirm or deny the allegation in paragraph 5, and thus denies said allegations.

6. The defendant possesses insufficient facts to confirm or deny the allegation in paragraph 6, and thus denies said allegations.

7. The defendant possesses insufficient facts to confirm or deny the allegation in paragraph 7, and thus denies said allegations.

8. The defendant admits the allegations in paragraph 8.

9. The defendant admits the allegations in the first and second sentences of paragraph 9. The defendant denies the allegations in the third sentence of paragraph 9.

10. The defendant admits the allegations in paragraph 10.

11. The defendant admits the allegations in paragraph 11.

12. The defendant admits the allegations in paragraph 12.

13. The defendant admits the allegations in paragraph 13.

14. The defendant admits the allegations in paragraph 14.

15. The defendant denies the allegations in paragraph 15.

16. The defendant admits that Mr. Strunk, on or about July 2003, applied for the position of Contracts Mission/ Resource Manager, DCMAE-O, GS-1101-14, Boston, Massachusetts under DCMAE-03-2912. Once that JOA was withdrawn and reissued as DCMAE-03-2791 due to an error in the language of the JOA, Mr Strunk and other individuals (Susan Baker, Joyce Blais, Oscar Eichon, Bill Gillen, Subhash Gupta, Izabella Mooney, and Robert Reed, were deleted from the certification. Those deleted

personnel were eventually removed from the certification due to the additional applicants that were considered which were scored higher than them who were added to the certification. Those additional folks were David Grosiak and Susan Farinacci.

    17. Denied. The plaintiff was initially rated qualified for DCMAE-03-2912 and was referred on the certification for that position. Once that JOA was withdrawn due to an error on the JOA, the JOA was correct, and reissued, and the certification was then reissued. Mr. Strunk and Susan Baker, Joyce Blais, Oscar Eichon, Bill Gillen, Subhash Gupta, Izabella Mooney, and Robert Reed were dropped from the certification for DCMAE-03-2791 due to the addition of two additional other highly qualified applicants.

    18. The defendant denies the allegations in paragraph 18.

    19. The defendant admits the allegations in paragraph 19.

    20. The defendant denies the allegations in paragraph 20.

    21. The defendant denies the allegations in paragraph 21.

    22. The defendant denies the allegations in paragraph 22.

    23. The defendant possesses insufficient facts to confirm or deny the allegations contained in paragraph 23, and thus denies said allegations.

    24. The defendant denies the allegations contained in paragraph 24 of the complainant.

    25. Paragraph 25 of the complaint contains conclusions of law for which neither an admission or a denial is required. To the extent that an answer is required, the defendant denies the allegations contained in paragraph 25.

    26. Paragraph 26 of the complaint contains conclusions of law for which neither an admission or a denial is required. To the extent that an answer is required, the

defendant denies the allegations contained in paragraph 26.

27. Paragraph 27 of the complaint contains conclusions of law for which neither an admission or a denial is required. To the extent that an answer is required, the defendant denies the allegations contained in paragraph 27.

28. Paragraph 28 of the complaint contains conclusions of law for which neither an admission or a denial is required. To the extent that an answer is required, the defendant denies the allegations contained in paragraph 28.

29. Paragraph 29 of the complaint contains conclusions of law for which neither an admission or a denial is required. To the extent that an answer is required, the defendant denies the allegations contained in paragraph 29.

30. Paragraph 30 of the complaint contains conclusions of law for which neither an admission or a denial is required. To the extent that an answer is required, the defendant denies the allegations contained in paragraph 30.

The Wherefore paragraph following paragraph 30 constitutes the plaintiff's prayer for relief to which no answer is required. To the extent such prayers for relief are deemed to constitute allegations of material fact, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the plaintiff's claims for punitive damages.

### SECOND DEFENSE

Any Compensatory damages are limited to the amounts authorized by 42 USC 1981a(b)(1).

### THIRD DEFENSE

To the extent that the plaintiff's claims are not the subject of a timely filed charge of discrimination, the plaintiff's Title VII claims are barred for failure to exhaust administrative remedies. See 42 USC 2000e-5(e)(1) (Title VII); 42 USC 12117(a)(ADA).

### FOURTH DEFENSE

To the extent the plaintiff has failed to mitigate damages, he is barred from recovering from the Defendant.

### FIFTH DEFENSE

To the extent that the plaintiff unreasonably delayed in filing his charge of discrimination, his claims are barred by the doctrine of laches.

> For the Defendant,
> By his Attorneys,
>
> MICHAEL J. SULLIVAN,
> United States Attorney
>
> /s/ Rayford A. Farquhar
> RAYFORD A. FARQUHAR
> Assistant U.S. Attorney
> 1 Courthouse, Suite 9200
> Boston, MA 02210
> (617) 748-3284

### CERTIFICATE OF SERVICE

Suffolk, ss.                                               Boston, Massachusetts
                                                           July 1, 2005

I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing upon plaintiff's counsel of record, Scott A. Lathrop, Scott A. Lathrop & Associates, 122 Old Ayer Road, Groton, MA 01450.

> /s/ Rayford A. Farquhar
> Rayford A. Farquhar
> Assistant U.S. Attorney

Case 1:05-cv-10826-GAO   Document 2   Filed 07/01/2005   Page 6 of 6