UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
DONALD STRUNK,                          )
                                        )
            Plaintiff,                  )
                                        )
     -v-                                )          C.A. No. 05-10826-GAO
                                        )
DONALD H. RUMSFELD, Secretary           )
     U.S. Department of Defense         )
(Defense Contract Management Agency),   )
                                        )
            Defendant.                  )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

The Defendant, Donald H. Rumsfeld, Secretary for the United States Department of

Defense (Defense Contract Management Agency), by his attorney, Michael J. Sullivan, United

States Attorney for the District of Massachusetts, hereby submits this Memorandum of Law in

Support of the Defendant's Motion for Summary Judgment.  For the reasons set forth below, the

undisputed material facts show that the defendant is entitled to judgment in his favor as a matter

of law.

## I.    INTRODUCTION

The instant litigation concerns several allegations by the plaintiff of discrimination due to

his disability, retaliation for an earlier EEO claim, disability and disabled veteran's status based

on the following Agency actions: that the Agency allegedly did not comply with the terms of the

September 26, 2002 settlement agreement; that he was not selected for the position of Director,

Program Support and Customer Relations, DCMAE-PI, GS-1101-14/15 duty stationed at Boston,

Massachusetts; that he was not selected for the position of Contract Mission/Resource Manager,

DCMAE-O, GS-1101-14 at Boston, Massachusetts for; and that the position of Deputy Director, Program Support and Customer Relations, DCMAE-PI, GS-301-14 at Boston, Massachusetts was filled by a noncompetitve appointment of Ms. Margaret Ciocca

    The issues presented in this case are as follows:

    (i)    <u>Case YS-03—929/ Nonselection for DCMAE-PI, GS-1101-14/15</u>

    Was the plaintiff discriminated against because of his disability (physical), age, (date of birth September 6, 2003), and reprisal (prior EEO Complaint), and because of his disabled veteran's status, when on August 8, 2003, he learned that he was not selected for the position of Director, Program Support and Customer Relations, GS-1101-14/15 under Job Announcement Number DCMAE-03-2160 (Investigative File p49)?

    (ii)    <u>No EEO Case filed Previously/ Nonselection for DCMAE-O, GS-1101-14</u>

    Was the plaintiff discriminated against because of his disability (physical), because of his disabled veteran's status, retaliation (prior EEO complaint) when on September 30, 2003 he learned he was not selected for the position of Contracts Mission/Resource Manager, GS-1101-14, Boston, Massachusetts, under DCMAE-03-2912 and DCMAE-03-2791?

    (iii)    <u>No EEO Case filed previously/Nonselection for DCMAE-PI, GS-301-14</u>

    Was the plaintiff discriminated against because of his disability (physical), because of his disabled veteran's status, retaliation (prior EEO complaint) when in March 2005, Ms. Margaret Ciocca was noncompetitively appointed to the position of Deputy Director, Program Support and Customer Relations, DCMAE-PI, GS-301-14, Boston, Massachusetts 02210?

    (iv)    Breach of EEO and 2 grievance settlement agreement of EEO Case
            <u>XL-02-019 and two grievances, Signed September 26, 2002.</u>

    Did the defendant breach its settlement agreement with the plaintiff and thereby

discriminate against him because of his disability (physical), his disabled veteran's status, and then retaliate against him prior to him filing his EEO complaint)?

## II.    <u>SUMMARY JUDGMENT STANDARD</u>

Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment when, based upon the pleadings, affidavits and depositions, "there is no genuine issue as to any material fact and [where] the moving party is entitled to judgment as a matter of law." FED.R.CIV.P., Rule 56(c); <u>Gaskell v. Harvard Co-op Society</u>, 3 F.3d 495, 497 (1st Cir. 1993). A dispute of fact is only genuine if there is sufficient evidence to permit a reasonable trier of fact to resolve the point in the non-moving party's favor. <u>NASCO, Inc. v. Public Storage, Inc.</u>, 29 F.3d 28, 32 (1st Cir. 1994). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-250 (1986) (citations omitted).

In the case at bar, the plaintiff's allegations were thoroughly investigated by the investigative officer and the facts for his non-selection are clear and unequivocal. The plaintiff's objection to the selection of a 54 year old female, does not rest on relevant and pertinent facts but on irrelevant and immaterial allegations.

The moving party bears the initial burden of showing that there is an absence of any issues of material fact. <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986); <u>Hicks v. City of Watonga</u>, 942 F.2d 737, 743 (10th Cir. 1991). The movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. <u>Celotex</u>, 477 U.S. at 325; <u>John Hancock Mutual Life Ins. Co. v. Weisman</u>, 27 F.3d 500, 503 (10th Cir. 1994). If the moving party meets this burden, the non-moving party may not rest upon his pleadings, but must

come forward with specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue of material fact relating to the elements essential to the non-moving party's case.  FED.R.CIV.P., Rule 56(e); Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256; Matsuishita Elec. Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  In so doing the non-moving party must specifically identify evidence of record, as opposed to general averments, which support his claim and upon which a reasonable jury could base a verdict in his favor.  Celotex, 477 U.S. at 322.  The non-moving party cannot avoid summary judgment by resting on bare assertions, general denials, conclusory allegations or mere suspicion.  See FED.R.CIV.P., Rule 56(e); Lujan v. National Wildlife Fed'n, 497 U.S. 871, 886-88 (1990) (non-moving party must offer specific facts contradicting the facts averred by the movant that indicate that there is a genuine issue for trial).  The non-moving party may not rest on ignorance of facts, on speculation or on suspicion, and may not escape summary judgment on the mere hope that something will turn up at trial.  Celotex, 477 U.S. at 322, Anderson, 477 U.S. at 248-249; Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).

### A.    Allocations of Proof and Persuasion under Title VII

The plaintiff bears the burden of coming forward with sufficient evidence of every element of which he has the burden of proof.  *See.,* Celotex, 477 U.S. 317.   In addition, to recover under Title VII, the plaintiff must first establish a prima facie case of discrimination.  Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnel-Douglas Corporation v. Green, 411 U.S. 792, 802 (1973); Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979).   If he does so, "the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. quoting McDonnell-Douglas, 411

U.S. at 802.  The burden on the employer is one of production rather than proof or persuasion.

Burdine, 450 U.S. at 254.  (The defendant need not persuade the court that it was actually

motivated by the proffered reasons).  If the defendant meets this burden, the plaintiff must then

prove by a preponderance of the evidence that the employer's articulated reasons are a pretext

for discrimination.  Burdine, 450 U.S. at 253; St. Mary's Honor Center v. Hicks, 509 U.S. 502

(1993).

 Under the ADEA, the plaintiff must show that his age was a determining factor in the

defendant's action, that its consideration of age made a difference in the defendant's action.

Hazen Paper Company v. Biggins, 507 U.S. 604, 610 (1993) (age had a role in the process and a

determinative influence on the outcome.)  In demonstrating that the defendant was motivated by

discriminatory animus, a plaintiff may show this in one of two ways:  either directly, by showing

that a discriminatory reason more likely motivated the defendant, or indirectly, by showing that

the defendant's proffered explanation is unworthy of credence.  Burdine, 450 U.S. at 256.

Essentially, the fact finder must be persuaded by the plaintiff that the defendant's articulated

reason was false and that its real reason was discrimination.  St. Mary's Honor Center, 509 U.S.

at 514-515.

 To establish a prima facie case of discrimination, the plaintiff needs to show:

> (1)     He belongs to a protected group under Title VII; [race, color,
> sex, national origin, religion, and marital status].  In his
> formal complaint, the plaintiff claims he was discriminated
> against based on his age, disability and reprisal.  [Age is not
> covered under Title VII, but is covered under the ADEA.]
> *Age Discrimination in Employment Act of 1967* (ADEA), 29
> U.S.C. §§ 621 et seq.;

> (2)     He applied for and was qualified for a vacancy for which the employer
> was seeking a worker;

(3)    Despite being qualified, he was not selected; and

(4)    After the plaintiff was rejected, a person outside the protected group was selected for the position. [White female, Linda Maturo, 54 years old at the time of the selection]. <u>McDonnell-Douglas Corp., v. Green</u>, 411 U.S. at 802; <u>Patterson v. McLean Credit Union</u>, 491 U.S. 164, 186 (1989).

III.    **<u>Local Rule 56.1 Statement of Material Facts</u>**

The defendant herein incorporates his Local Rule 56.1 Statement of Material Facts as if stated herein.

## IV. <u>ARGUMENT</u>

A.    **For Purposes of this Motion, the Defendant Assumes Arguendo that the Plaintiff Can Establish a Prima Facie Case of Discrimination Based on Age.**

The plaintiff bears the initial burden of establishing a prima facie case of discrimination. <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981); <u>McDonnell-Douglas Corporation v. Green</u>, 411 U.S. 792, 802 (1973).  In a non-selection case, a plaintiff may establish a prima facie case by showing: (1) that he is a member of a protected group; (2) that he applied for and was qualified for a position for which the employer was seeking applicants; (3) that despite his qualifications, he was not selected; and (4) that an applicant not in his protected group was chosen for the position or the position remained vacant and the employer continued to seek applicants. <u>McDonnell-Douglas Corporation</u>, 411 U.S. at 802; see also <u>Cones v. Shalala</u>, 199 F.3d 512, 516 (D.C. Cir. 2000).

In this case, the plaintiff is a member of a protected group by virtue of his age (50) at the time of the selection at issue.  Further, for the purposes of this motion, the defendant concedes that the plaintiff applied for and met the basic qualification requirements for the position.

However, with respect to the qualifications for the position, all 23 candidates interviewed were found to be highly qualified for the position.  Accordingly, it is the defendant's position that even though the plaintiff can arguably meet his initial burden of establishing a prima facie case, the plaintiff has not produced any evidence to rebut the defendant's articulated non-discriminatory reason as pretext.

**B.    The Defendant Has Articulated Legitimate, Nondiscriminatory Reasons for its Actions.**

Applying the *McDonnell Douglas* framework to cases of age discrimination in <u>Loeb v. Textron, Inc.</u>, 600 F. 2d 1003 (1st Cir. 1973), under the ADEA, a plaintiff  must show that age was a determinative factor in the sense that "but for" age, he would have not have been subjected to the action at issue. <u>Loeb</u>, supra.

Assuming, arguendo, that the plaintiff can establish a prima facie case of discrimination based on age, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its actions.  See <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981). In this case, the selecting official, Mr. Ernst, has presented legitimate, nondiscriminatory reasons for the selection.  Mr. Ernst put together an interview panel, a long-standing practice for senior level positions, who drafted interview questions and developed impartial qualitative ranking criteria for the selection process (See ROI, pages 210, 211) and recommended two individuals (Ms. Maturo and Mr. Bessette) as the best qualified for the position. (ROI, Pages 212 – 229)

The defendant has consistently maintained that the selectee was an "Excellent" candidate selected for the job.  (ROI, pages 210, 211).  On the panel's interview summary sheets, they have consistently referred to the two recommended candidates as "excellent, positive, upbeat, did his

homework." Whereas, the panel rated the plaintiff's interview as "Poor." A thorough examination of the interview panel's notes reveals only two out of the 23 candidates interviewed were rated "excellent" – Ms. Maturo and Mr. Bessette, who were the two finalists. Mr. Bogusz, who served as the panel chair, states in his affidavit that "In the interview Don [Strunk] did a very poor job. In that job you have a lot of pressure and have to communicate to the workforce under pressure. The workforce is spread out all over the country(sic). You have to be articulate and communicate well. He did not show that ability in the interview." (ROI, Page 72). Ms. Maturo's application package and interview demonstrated exceptional understanding of the duties of the Director, Program Support and Customer Relations Directorate. Ms. Maturo had outstanding communication as well as "extremely articulate," as was evident throughout her interview. (ROI, Page 71). Her answers were clear and concise and demonstrated a great understanding of the subject in question, responded in depth to the questions, and provided a vision for the future in the position. (ROI, Page 71). Mr. Bogusz also states that the plaintiff did not possess the same level of knowledge exhibited by Ms. Maturo and had offered him some coaching for future interviews. However, the plaintiff "kept referring to his MBA," which was a plus, but he had to be prepared and ready "to respond" to the interview questions. (ROI, Page 71). Further, the plaintiff's responses during the interview "were extremely vague, short, and non descriptive." He "works in the organization so one would expect that he would have to know it quite well." (ROI, Page 71). The plaintiff has not presented any evidence that this reason is pretextual. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 2747 (1993).

> **C.** **The Plaintiff cannot show that similarly situated employees outside of his protected groups were**

**treated more favorably in regard to age or disability.**

In determining whether employees are similarly situated, all relevant factors are considered in context.  Hazen Paper Co. V. Biggins, 507 U.S. 604, 610-611 (1993); Conward v. Cambridge School Comm., 1998 U.S. Dist. Lexis 4090, 7-8 (D.Mass); see also Molloy v. Blanchard, 115 F.3d 86, 91 (1st Cir. 1997);  See also Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617 (7th Cir. 2000).  Although exact identicality is not required, the defendant has required a high degree of similarity and the comparative employees must be nearly identical in relevant factors.  Id.

The plaintiff contends that Messrs Ernst, Sweeney, Bogusz and Ms. Clark discriminated against him on the basis of his disability (gastro-intestinal problems, muscular skeletal disorders and skin abnormalities; rated 70% disabled by the Veterans Administration) and age (50).  As stated in Mr. Bogusz's affidavit, he "believe[s] he was second to last" on the interview of 23 qualified candidates.  In addition, Mr. Ernst has a long history of hiring individuals with diverse background.  In addition to Ms. Maturo (Caucasian female over 40), Mr. Ernst had previously selected one Caucasian female, 49 years of age and another Caucasian male, 49 years of age for senior level positions.  Furthermore, the fact that a Caucasian female, 54 years old was found highly qualified and selected for the position of Director, Program Support and Customer Relations Directorate, GS-1101-14/15, not only fails to refute the Agency's reasons for its selection, but instead shows an absence of discriminatory animus against applicants in protected categories.  In short, the plaintiff  has offered no evidence that Ms. Maturo's selection was motivated in any way by the plaintiff's age or claimed disability.

     **D.**    **The Plaintiff Failed to Present any Evidence to
Refute the Agency's Legitimate Non-discriminatory Reasons.**

The plaintiff in this case has presented no evidence that raises a material issue of fact sufficient to dispute the defendant's articulated reasons for the selection at issue. In both his formal complaint and his affidavit, the plaintiff makes reference to various facts that are simply not material to issue of intentional discrimination. For example, on pages 57and 58 of his affidavit, the plaintiff states that (1) "[m]y understanding is that Mr. Bogusz worked with Linda Maturo for a number of years in the past. They worked in the same Boston location and in the same office;" (2) "I believe that the selectee, Linda Maturo, was not qualified for the position by law or by fact at the time she was selected;" (3) "She should not have attended then because PMT 250 is the prerequisite for PMT 252 which she did not have. She took both together which is academically challenging. I found taking one course challenging and I have much more education than she does. How could anyone take them simultaneously?;" (4) "I suspect that Phoenix, online university, double credited her from some of her courses and mixed up semester hours for quarter hours on other courses. No other institution would have accredited her with the degree." (ROI, Pages 58, 59). These various allegations and beliefs, even if true, do not rebut or even address the defendant's reasons for its selection. These facts are simply not material to the issue at hand.

The plaintiff's general averments and conclusory allegations are insufficient to avoid summary judgment. The plaintiff must specifically identify evidence of record which supports his claim and upon which a trier of fact could base a decision in his favor. Celotex, 477 U.S. at 322. In this case, neither the plaintiff's formal complaint, nor his affidavit, identify sufficient material evidence to support his claims of discrimination.

E.    **The Plaintiff Has No Veterans Preference For In-Service Promotion**

The plaintiff has further alleged disability discrimination based on his gastro-intestinal problems, muscular skeletal disorders and skin abnormalities; rated 70 % disabled by the Veterans Administration. It is undisputed that the evidence reflects the plaintiff has veterans preference eligibility.  He has been continuously employed by the DCMA since 1986.  (ROI, Exhibit F1, page 56).  He sought a promotion to a GS-1101-14/15, by applying for the position of Director, Program Support and Customer Relations, DCMAE, Boston, Massachusetts, announced as a Merit Promotion Opportunity under JOA DCMAE-03-2160.  (ROI, Exhibit F-18, Page 193).  This JOA limited the area of consideration to "all appointable DoD employees… and individuals eligible for non-competitive appointment under special appointing authorities may apply.  (ROI, Exhibit F-18, Page 19).  The plaintiff was not selected for this position by Mr. Keith Ernst, Director, DCMAE, Boston, Massachusetts.  (ROI, Exhibit F-27, page 274).

By law, no federal employee has a preference for promotion or other internal actions, regardless of veteran status, because "[p]reference does not apply to in-service placement actions such as promotions."  5 C.F.R. §211.101(c), [Emphasis added].  Further, federal courts and other administrative fora have held that veterans preference does not apply to in-service promotions or other in-service actions.  Bates v. Runyon, 97 F.3d 1464, 1464 (10th Cir. 1996); Brown v. Department of Veterans Affairs, 247 F.3d 1222, 1224-25 (Fed. Cir. 2001); Hunt v. Department of the Army, 154 F.Supp. 2d, 1047, 1052-53 (E.D. Mich 2001).

**F.    The Defendant Cannot Subvert The Ban Against Veterans Preference for In-Service Promotions**

Explicitly and implicitly in his complaint, the plaintiff seeks a personal exception to the ban on in-service veterans preferences for promotion.  Based on his disabled veteran status, he asserts that the defendant must or may use the special appointment authorities for disabled

veterans, to grant him an in-service promotion when he applies for positions announced as Merit

Promotion Opportunities.  The special appointment hiring authorities that govern disabled

veterans are found in 5 U.S.C. § 3112, Disabled Veterans; noncompetitive appointments, and 38

U.S.C. § 4214, Employment within the Federal Government.  5 U.S.C. § 3112 states:

> "Under such regulations as the Office of Personnel Management shall
> prescribe, an agency may make a noncompetitive appointment
> leading to conversion to career or career-conditional employment of
> a disabled veteran who has a service-connected disability of 30
> percent or more."

38 U.S.C. § 4214, Employment with the Federal Government (2003) states

Employment within Federal Government

> (b)(1) To further the policy stated in subsection (a) of this section,
> veterans referred to in paragraph (2) of this subsection shall be
> eligible, in accordance with regulations which the Office of Personnel
> Management shall prescribe, for veterans recruitment appointments,
> and for subsequent career-conditional appointments, under the terms
> and conditions specified in Executive Order Numbered 11521 (March
> 26, 1970) [5 USCS § 3302 note], except that –
>
> (a) such an appointment may be made up to and including the
> **level GS-11 or its equivalent**; [Emphasis added]

Here, the plaintiff's argument that he is entitled to preference because of his disability

status is incorrect.  The Veterans' Preference Act of 1944, 58 Stat. 387 ("VPA"), allows veterans

to be given special point and service credit preferences.  <u>Brown v. Department of Veterans

Affairs</u>, 247 F.3d 1222, 1224 (Fed. Cir. 2001).  However, veterans are not accorded limitless

rights and benefits. <u>Id</u>.  It is well settled that a promotion of an employee within a department or

agency of the Government is a matter of supervisory discretion.  Id.  An as the VPA explicitly

lays out, veteran's preference is not applicable to an employee's transfer or intra-agency

movement.  <u>Id</u>.

12

"VEVRAA[1], and like the VPA[2], accords veterans' preference only for initial employment. Congress specifically limited the preferences provided by this provision to "appointments." 38 U.S.C. § 4214 (b)(1). Indeed, the agency regulations enacted pursuant to this section deal exclusively with "appointments." 5 C.F.R. § 307. "The scope of veterans' preference cannot be enlarged by the fiction of treating within-agency movement as initial employment." Glenn, 939 F.2d at 1523[3]. The general statement of purpose recited in 38 U.S.C. § 4214 (a)(1) does not persuade us otherwise."

Further, if the plaintiff were to leave federal civilian service, neither 5 U.S.C. § 3112 nor 38 U.S.C. § 4214 compels an agency to appoint him to a position for which he applied. Rather, these statutes grant discretion to the defendant to hire a qualified disabled veteran, even under a Merit Promotion Opportunity announcement with a limited area of consideration. In essence, what the plaintiff seeks is an action that constitutes a prohibited personnel practice under 5 U.S.C. § 2302 (b)(6) as a "grant of any preference or advantage not authorized by law, rule or regulation to any employee or applicant for employment … for the purpose of improving or injuring the prospects of any particular person for employment. [Emphasis added.]

Finally, 38 U.S.C. § 4214 specifically restricts appointments to "GS 11 or its equivalent." 38 U.S.C. § 4214 (b)(1)(B). Since the plaintiff is a 30% or more disabled veteran, there is no time limitation as to when he may receive an appointment under 38 U.S.C. § 4214 (b)(3)(C). Thus, regardless of whether the plaintiff is a current federal employee or one who seeks employment, the defendant could not utilize 38 U.S.C. § 4214 to appoint him to a GS-1101-14/15 position. Although the plaintiff contends, but for discrimination based on his veterans based disability, he was entitled to be selected for the position in question, in his veterans preference disability only applies to initial appointments and reduction-in-force --- not

---

[1] 38 U.S.C. Section 3214.
[2] 5 U.S.C. Section 2108.
[3] Glenn v. United States Postal Service, 939 F.2d 1516, 1523 (11th Cir. 1991)

promotions or intra-agency placement actions.  5 CFR 211.101(c) (2003); Brown v. Department

of Veterans Affairs, 247 F.3d 1222, 1224 (Fed. Cir. 2001); *citing* Glenn v. United States Postal

Service, 939 F.2d 1516, 1523 (11th Cir. 1991).

> **G.    The Plaintiff Has Failed to Exhaust His**
> **Administrative Remedies Regarding Issues II and III.**

The defendant claims that in neither Issue II (discrimination based on disability

(physical), disabled veteran's status, and retaliation) and Issue III (discrimination based on

disability (physical), disabled veteran's status and retaliation) of the instant District Court EEO

Case, did the plaintiff raise and exhaust them in administrative proceedings with the Equal

Employment Opportunity Commission as he is required to do so.  A federal employee alleging

Title VII employment discrimination must exhaust administrative  remedies before bringing

court action.  Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990).  To exhaust his/her

administrative remedies, a plaintiff must contact an EEOC counselor within 45 days of the

allegedly discriminatory incident.  29 CFR 1614.105(a)(1).  See also Velazquez-Rivera v.

Danzig, 234 F.3d 790, 794 (1st Cir. 2000)(administrative remedies had not been exhausted since

there had been no contact with an EEOC counselor within 45 days).  Roman-Martinez v.

Runyon, 100 F.3d 213, 216-218(1st Cir 1996)(holding that a federal employee's failure to contact

an EEO counselor within the limitations period causes him to lose his right to pursue a later

denovo action in court).  Failure to do so bars a plaintiff from bringing a court action based on

that incident. Jensen, 912 F.2d at 520.

The plaintiff never contacted an EEOC counselor on either of the above-cited allegations.

(Affidavit from Bill Cashman, Tab 24) In one action, he pursued a grievance under the collective

bargaining agreement, and he was unsuccessful in the matter and there was no appeal.  In the

other action, he filed nothing at all.  Therefore, the plaintiff has failed to exhaust his

administrative remedies in Issue II and Issue III and these issues should be dismissed.

> **H.**     **The Plaintiff Has Failed to Exhaust His**
> **Administrative Remedies Regarding Issues IV.**

The defendant's regulations require that a federal employee first attempt to resolve any

dispute over compliance with a settlement with the defendant prior to filing suit.  (29 CFR

1614.504a, b, c)  The defendant then has 35 days to cure any breach or to advise the employee

that he does not believe that it is in breach of the agreement.  The appeal should be accompanied

by a statement as to the reasons why the employee believes the defendant is not in compliance

with the agreement.  If the defendant cures the alleged breach with in the 35 day period, it will

be deemed to be in compliance.

The defendant's headquarters for the processing of this complaint is DCMA at 6350 Walker

Lane in Alexandria, Virginia.  That office is supervised by Mr. Charles Miller.  An affidavit is

enclosed written by him that he was never contacted by the plaintiff or his representative that the

defendant was in alleged breach of his settlement agreement (at Tab 55(25)).

The plaintiff alleged that the settlement agreement was in breach without specifying which

section(s) the defendant had failed to satisfy.  Regardless, after careful review of the record, it is

apparent that the plaintiff failed to exhaust administrative remedies regarding a breach of his

settlement agreement.

## <u>CONCLUSION</u>

For the foregoing reasons, the Defendant respectfully requests that judgment as a matter

of law be entered in its favor and this action be dismissed.

For the Defendant,

15

By his Attorneys,

MICHAEL J. SULLIVAN,
United States Attorney

By:    /s/ Rayford A. Farquhar
       Rayford A. Farquhar
       Assistant U.S. Attorney
       1 Courthouse Way, Suite 9200
       Boston, MA   02210
       (617) 748-3284

<u>CERTIFICATE OF SERVICE</u>

Suffolk,  ss.                                    Boston, Massachusetts
                                                 June 9, 2006

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participates as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2006.

.

                                    /s/ Rayford A. Farquhar
                                    Rayford A. Farquhar
                                    Assistant U.S. Attorney

# EXHIBITS 1 - 60 FILED SEPARATELY DUE TO THEIR VOLUMINOUS SIZE