UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DONALD STRUNK,                      )
                                    )
          Plaintiff,                )
                                    )
     -v-                            )   Civil Action No.:
                                    )   C.A. No: 05-10826-GAO
                                    )
DONALD H. RUMSFELD, Secretary       )
     U.S. Department of Defense     )
(Defense Contract Management Agency),)
                                    )
          Defendant.                )
_____)

## THE DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF FACTS

1. The Defense Contract Management Agency ("DCMA"), headquartered in Alexandria, Virginia, is an independent combat support agency of the Department of Defense ("DOD") providing the Department`s contract management, Federal acquisition programs, supplies, and services in support of DOD warfighters. DCMA was designated a Combat Support Agency on 17 March 2000. Prior to March 2000, DCMA was part of the Defense Logistics Agency (DLA), headquartered in Fort Belvoir, Virginia. DLA provides logistics support services to the military services and to federal civil agencies and foreign governments as assigned. Both as part of the parent agency – DLA – and since its stand-up as an independent Combat Support Agency, DCMA has maintained its primary mission to support contracting and contract management to the military services.

2. The Defense Contract Management Agency ("DCMA") maintains Defense Contract Management Districts headquartered in Boston (the "East" District), Carson (the "West" District), and Alexandria (the "International" District). Within each of these Districts are

Defense Contract Management offices ("CMOs").

3. At all times relevant to this case, Defense Contract Management Agency East ("DCMAE"), 495 Summer Street, Boston, Massachusetts 02210, was a regional headquarters of the Defense Contract Management Agency ("DCMA").

4. Plaintiff is a Staff Program Integrator GS-1101-13, assigned to DCMAE in Boston.

5. The instant litigation concerns several allegations by the plaintiff of discrimination due to his disability, retaliation for an earlier EEO claim, disability and disabled veteran's status based on the following Agency actions: that the Agency allegedly did not comply with the terms of the September 26, 2002 settlement agreement; that he was not selected for the position of Director, Program Support and Customer Relations, DCMAE-PI, GS-1101-14/15 duty stationed at Boston, Massachusetts; that he was not selected for the position of Contract Mission/Resource Manager, DCMAE-O, GS-1101-14 at Boston, Massachusetts for ; and that the position of Deputy Director, Program Support and Customer Relations, DCMAE-PI, GS-301-14 at Boston, Massachusetts was filled by a noncompetitve appointment of Ms. Margaret Ciocca.

**A.     Nonselection for DCMAE-PI, GS-1101-14/15**

6. At all relevant times for this complaint, Mr. Strunk's first-line supervisor was Mr. Joseph Sweeney (Caucasian American male, over 40 years of age at the time, with no known disabilities). (Tab 59, Report of Investigation ("ROI"), pages 57, 76, 324).[1] Subsequently, Ms. Linda Maturo served as complainant's first-line supervisor. (Tab 59, ROI, page 56)

---

[1] The Report of Investigation can be found at Tab 59.

7.  At all times relevant, Mr. Steven Bogusz, over 40 years of age, served as the complainant's second-line supervisor as the Deputy Director, Contract Management Operations at DCMAE. Mr. Bogusz was also Ms. Maturo's second-line supervisor. (Tab 59, ROI, page 69).

8.  On May 29, 2003, Job Opportunity Announcement number DCMAE-03-2160 was issued by the Defense Logistics Agency Customer Service Operations Center (CSO-C)) with a closing date of June 9, 2003. (Tab 59, ROI, E Page 2).

9.  The Job Opportunity Announcement was for the position of Director, Program Support and Customer Relations Directorate, GS-1101-14/15, at DCMAE in Boston, MA. (Tab 59, ROI, Page 2).

10. On or about June 16, 2003, the Human Resources office submitted the Referral and Selection Certificate H8032160110114T, listing 23 candidates qualified at the GS-14 level, along with the complainant. (Tab 59, ROI, pages 149-152).

11. Out of the 23 qualified candidates, 14 candidates were referred at the GS-15 level on Referral Certificate H80321601101152. (Tab 59, ROI, pages 146-147).

12. On or about end of June early July, an interview panel comprised of Mr. Steve Bogusz, Deputy Director; Ms. Lisa Clark, Director of Contract Management Operations; and Mr. Joseph Sweeney, Deputy Director, DCMA Raytheon, was convened to interview the qualified candidates. The complainant was one of the qualified candidates interviewed for the position. (Tab 59, ROI, Pages, 65. 70, 78, 83).

13. All interviews were conducted via telephone and all candidates were asked the same questions. (Tab 59, ROI, pages 65 and 71).

14. Based on the panel's recommendations, the candidates' applications and

interviews, Mr. Ernst conducted another interview with the two finalists. (Tab 59, ROI, page 65-66).

15. On or about August 8, 2003, Complainant was notified of his non-selection for the position of Director, Program Support and Customer Relations Directorate, GS-1101-14/15. (Tab 59, ROI, Page 1)

16. On or about July 2003, Ms. Linda Maturo, 54 years old at the time, was notified of her selection for the position of Director, Program Support and Customer Relations Directorate, GS-1101-14/15. (Tab 59, ROI, Page 73).

17. Complainant first initiated contact with an Agency EEO counselor on August 12, 2002. (Tab 59, ROI, page 1).

18. On or about September 29, 2003, complainant filed a formal EEO complaint alleging discrimination based on age and disability. (Tab 59, ROI, page 1).

19. On October 6, 2003, the counselors report was received in the DCMAE EEO Office in Boston, Mass. (Tab 59, ROI ExB-1, page 6)

20. On October 24, 2003, DCMAE-EEO Office requested that the DoD Office of Complaint Investigation (OCI) conduct an EEO Investigation on this case. (Tab 59, ROI page 1)

21. On October 30, 2003, OCI received the request from DCMAE-EEO to conduct this investigation. (Tab 59, ROI page 1)

22. On April 28, 2004 – July 26, 2004, the investigation was conducted by OCI. (Tab 59, ROI page 1)

23. On August 13, 2004, the completed Report of Investigation for this case was received by the DCMAE-CSE EEO Office. (Cover Page stamped)

24.     On September 17, 2004, the DCMAE-CSE EEO Office mailed a copy of the completed investigation to the Complainant, Mr. Donald F. Strunk. (Tab 1)

25.     On October 5, 2004, the Complainant made a written request for a hearing at the EEOC in this case. (Tab 2)

26.     On October 14, 2004, DCMAE-CSE forwarded the case file to the EEOC for processing. (Tab 3)

27.     On October 19, 2004, the EEOC issued an acknowledgement order in this case, acknowledging receipt of the Complainant's request for a hearing. (Tab 4)

28.     On November 10, 2004, the EEOC AJ issued a "Notice of Intent to Issue Decision Without a Hearing." (Tab 5)

29.     On November 30, 2004, the Agency filed its Motion for Summary Judgement or in the Alternative Findings and Conclusions Without a Hearing. (Tab 6)

30.     On December 2, 2004, the AJ issued an Order Entering Judgment in the case for the Agency. (Tab 7)

31.     On February 11, 2005, Charles J. Miller, Director of Equal Employment Opportunity at DCMA Headquarters in Alexandria, Virginia, issued the DCMA's final order on the plaintiff's complaint of employment discrimination in accordance with 29 C.F.R. § 1614.110(a). DCMA Headquarters adopted the AJ's decision in its entirety. The Agency notified the plaintiff of his right to appeal to the EEOC or to file a civil action in an appropriate United States District Court within ninety (90) days of his receipt of the decision. (Tab 8)

32.     On April 25, 2005, the Complainant filed his Complaint in United States District Court, including these and other allegations of discrimination. (Tab 9)

B.  **Non Selection for the position of Contract Mission/Resource Manager, DCMAE-O, GS-1101-14**

33.    The Human Resources (HR) Directorate received a Request for Personnel Action (RPA) (#152354) for a Recruit/Fill action for the position of Contracts Mission/Resource Manager, GS-1101-14, in the Supplier Operations Division of the DCMAE Contracts Operations Directorate. The action was processed through the DCMAE HR Directorate and forwarded for continued processing to the Customer Support Office-Columbus (CSO-C) on June 27, 2003. (Tab 10)

34.    A Job Opportunity Announcement (JOA) DCMAE-03-2791 for the position was issued with an Opening Date of 7/15/2003 and a Closing Date of 7/28/2003. (Tab 11)

35.    On July 17, 2003, the HR Directorate received an email from Mr. Frank Skeiber indicating that the Major Duties listed on JOA DCMAE-03-2791 were from an old position description referencing outdated processes, i.e., IOA, PBAM. (Tab 12) The CSO-C was advised by HR Directorate to cancel JOA DCMAE-03-2791 and reissue a new JOA - JOA DCMAE-03-2912 with a new Opening Date of July 21, 2003 and a new Closing Date of July 30, 2003. This new JOA included a note that all those who applied on DCMAE-03-2791 must self-nominate again. (Tab 13)

36.    On August 21, 2003, a referral certificate was issued and forwarded to Ms. Lisa Clark, with coordination through the EEO Office. (Tab 14)

37.    On September 2, 2003, Ms. Susan T. Farinacci e-mailed Ms. Carmen Reimer at DCMA HQ concerning an application she filed for JOA DCMAE-03-2791. Ms. Farinacci had filed an application under this JOA and received a receipt from the CSO-C confirming her application was received. Ms. Farinacci was not aware that the original JOA (#2791) was

cancelled and reissued (#2912). Ms. Farinacci continued to check the Application Status Query and her application was not listed. (Tab 15)

38. Discussions ensued between Ms. Farinacci, DCMA HQ HR, DCMAE HR and the CSO-C concerning the sequence of events. (Tab 16)

39. On September 8, 2003, Ms. Patricia Gordon, DCMAE HR, spoke with Mr. Frank Skeiber and she was informed that interviews had been conducted during the previous week and there were a couple of interviews outstanding. Ms. Gordon communicated this to Ms. Reimer at DCMA HQ, and a decision was made to afford Ms. Farinacci and any other individuals who had applied under JOA DCMAE-03-2791 consideration for the vacancy. In addition to Ms. Farinacci, there were 15 additional applicants considered. (Tab 16)

40. On September 12, 2003, DCMAE HR received an amended referral certificate which was forwarded to the selecting official (Ms. Lisa Clark) on September 15, 2003. The amended referral certificate showed two additions to the certificate, (David Grosiak and Susan Farinacci) and the deletion of eight people from the original certificate issued (Susan Baker, Joyce Blais, Oscar Eichon, Bill Gillen, Subhash Gupta, Izabella Mooney, Robert Reed and Donald Strunk). (Tab 17)

41. On September 30, 2003, the selecting official, Ms. Lisa Clark submitted the amended certificate with Ms. Noreen Cassaro's name annotated as the selectee for the position of Contract Mission/Resource Manager, GS-1101-14. (Tab 17)

42. On October 22, 2003, NAGE R1-210 filed a grievance on the selection process used by DCMAE on the Merit Promotion Procedures and notification to local president of DCMAE intent to fill this vacancy in violation of Article 11, Section 5(a)1 and 5 of the DCMAE

and NAGE Collective Bargaining Agreement. (Tab 18)

43. On November 14, 2003, the DCMAE issued its reply to the NAGE R1-210 Step 1 Grievance, denying the grievance on three bases. First, Article 11, Section 5a(1) is applicable to all promotions to positions within the bargaining unit represented NAGE. Since the Contracts Mission/Resource Manager, GS-1101-14 is not a bargaining unit position, Section 5a(1) does not apply. Second, since Mr. Strunk was not a candidate on the amended referral certificate, there was no requirement to notify him concerning his selection or non-selection for the position. Lastly, the DCMAE notified the employee (Mr. Strunk) that his name was removed from consideration on the promotion certificate on October 7, 2003. (Tab 19)

44. On February 24, 2004, the FLRA Certified the results of a Nation-Wide election regarding DCMA, Canada, Puerto Rico, and Hawaii and the results were that AFGE now represented the entire professional and nonprofessional units as their exclusive representatives. (Tab 20)

45. On August 31, 2004, the Agency filed a motion for summary judgment, and/or dismissal that the arbitration was not arbitrable. (Tab 21)

46. On October 12, 2004, the Union filed its response to the Agency filing. (Tab 22)

47. On October 15, 2004, the Arbitration was scheduled in Boston, Massachusetts, and one day proceeding was held at that time.

48. On November 16, 2004, the Arbitration Award was issued, denying that the grievance was arbitrable because it concerned a position that was outside the bargaining unit. No appeal was filed by or on behalf of Mr. Strunk. (Tab 23)

49. On April 25, 2005, the Complainant filed his Complaint in United States District

Court, including these and other allegations of discrimination. (Tab 9)

50. On May 16, 2005, an affidavit was prepared by Mr Bill Cashman, Deputy and Complaints Manager from the DCMAE EEO Office in Boston, that he looked into the EEO Database and found that no informal or formal case was filed by the plaintiff in this case or the lateral transfer of Ms Ciocca either. (Tab 24)

C.     **No EEO Case filed previously/Nonselection for DCMAE-PI, GS-301-14**

51. RPA submitted by DCMAE-PI, Ms. Linda Maturo, on March 3, 2005, for the establishment of a position of Strategic Planning and Customer Relations Manager, GS-301-14, and to reassign Ms. Margaret Ciocca into that position. (Tab 24)

52. Ms. Margie Ciocca, an excess DCMAE employee due to disestablishment of her DCMAE-HR position was reassigned to DCMAE-PIA, Strategic Planning and Customer Relations Manager, GS-301-14, effective April 6, 2005. (Tab 25)

53. The Strategic Planning and Customer Relations Manager, GS-301-14 was covered by the position description at Tab 26.

54. DCMAs Merit Promotion Regulation allows excess employees to be reassigned noncompetitively to a vacant position. (August 2003) (Tab 27).

55. On April 25, 2005, the Complainant filed his Complaint in United States District Court, including these and other allegations of discrimination. (Tab 9)

56. On May 16, 2005, an affidavit was prepared by Mr Bill Cashman, Deputy EEO Complaints Manager from the DCMAE EEO Office in Boston, that he looked into the EEO Database and found that no informal or formal case was filed by the plaintiff in this case or the selection of Noreen Cassaro for the Deputy "O" position either. (Tab 24)

**D.     Alleged Agency Violation of Settlement Agreement on EEOC Case Number XL-02-019 and two grievances (No EEO Report of <u>Investigation was completed).</u>**

57. On October 1, 2001, the Notice of Unacceptable Performance/Opportunity to Improve letter was issued by Mr Strunk's supervisor, Mr. Sweeney. (Tab 28)

58. On October 1, 2001, the WGI was delayed 6 months from the October 1, 2001 date. (Tab 29)

59. On November 18, 2001, the WGI was denied. (Tab 30)

60. On December 28, 2001, Mr. Strunk received a Notice of Proposed Suspension for one day for alleged falsification of his timesheet, absence without leave and failure to follow leave procedures. (Tab 31)

61. On January 1, 2002, Mr. Strunk contacted an EEO Counselor alleging that he was harassed by his supervisor, Mr Sweeney since March 2001, and that he was put on a PIP by his supervisor for not completing SITREP reports. (Tab 32(1))

62. On January 25, 2002, Mr. Strunk received a Notice of Decision to Suspend for one calendar day, effective February 5, 2002, based on AWOL, falsification of time sheet, and failure to follow proper leave procedures. (TAB 32(2))

63. On January 31, 2002, Mr. Strunk received his unsatisfactory rating. (Tab 33(3))

64. On January 31, 2002, Mr. Strunk received his Notification of Unacceptable Performance after completion of the Performance Improvement Period. (Tab 34(4))

65. On January 31, 2002, Mr. Strunk received a Notice of Proposed Demotion letter. (Tab 35(5))

66. On February 7, 2002, a Step 2 Grievance was received by the Agency regarding

the Notice of Unacceptable Performance and the withholding of the WGI.  (Tab 36(6))

67.  On February 11, 2002, the National Association of Government Employees filed a step three grievance on Mr. Strunks' behalf of the one-day suspension. (Tab 37(7))

68.  On February 12, 2002, a Step 3 Grievance was received by the Agency regarding the Notice of Unacceptable Performance and the withholding of the WGI. (Tab 38(8))

69. On February 19, 2002, NAGE agreed to mediate the dispute that Mr. Strunk was discriminated against based on age and disability when he was placed on a Performance Improvement Plan and that his supervisor on an on-going basis made personal comments regarding him and his requests for leave.  (Tab 39(9))

70.  On March 5, 2002, NAGE  amended its February 12, 2002 grievance on the Notification of Unacceptable Performance dated October 1, 2001 resulting in the withholding of the within grade increase.  (Tab 40 (10))

71.  On March 7, 2002, NAGE amended its February 12, 2002 grievance on the proposed demotion of Mr Strunk.  (Tab 41 (11)).

72.  On March 20, 2002, Commander of DCMDE, Colonel Ronald C. Flom, responded to the NAGE R1-210 grievance of his one day suspension which was for his allegedly falsifying his timesheet, being absent without leave, and failing to follow proper leave procedures, and sustained the one day suspension.  (Tab 42(12))

73.  On March 28, 2002, Mr. Strunk was given a Final EEO Counseling Interview Notice Letter. (Tab 43 (13))

74.  On April 4, 2002, Mr. Strunk filed a formal complaint of discrimination, alleging that he was discriminated based on disability and 60% service connected disabled veteran status,

age and sex when: 1) On October 1, 2001, his supervisor, gave him a notice of unacceptable performance letter and subsequently placed him on a performance improvement plan; 2) On January 31, 2002, his supervisor proposed to demote him based on his unsatisfactory performance evaluation and 3) Mr Sweeney allegedly made personal comments regarding Mr Strunk's request for medical leaves. (Tab 44(14))

    75. On April 23, 2002, Joe Cass, HR Director signed for Mr. Zirk, acting District Commander, responding to a different 3rd Step Grievance from NAGE about Mr Strunk receiving 1 October unacceptable performance letter and his receipt of a 1 October performance improvement plan letter. The Agency letter denied his grievance. (Tab 45(15))

    76. On July 19, 2002, the Agency issued Mr. Strunk a letter accepting for further processing part of his formal case allegations XL-02-019. (Tab 46(16)).

    77. On September 26, 2002, the Agency and Mr. Strunk settled his two pending grievances and EEO Case XL-02-019. (Tab 47(17))

The Agency agreed to take the following actions to settle these matters:

    a.    The Notice of Proposed Demotion letter dated January 31, 2002 is withdrawn, effective immediately;

    b.    The Notice of Decision – Suspension letter dated January 25, 2002 is converted to Leave Without Pay;

    c.    The previously delayed Within Grade Increase, which was delayed 6 months from the November 2001 date will be granted

>> retroactively to the closest pay period to May 17, 2002;

>> d. Management and Mr. Strunk will review his duties and management will draft a new position description to reflect his position as a GS-1101-13. Such a new position will not place him in a better or worse standing on the DCMAE retention register; and

>> e. Payment to Mr Strunk of $500 less appropriate deductions.

78. On October 2, 2002, DCMAE-GC put in the settlement for processing in the finance system. (Tab 48(18)

79. On October 10, 2002, DCMAE processed Mr Strunks $500 settlement payment through the local budget office. (Tab 49(19))

80. On October 30, 2002, Defense Finance and Accounting Service paid Mr. Strunk the $500 amount in satisfaction of the settlement agreement. (Tab 50(20)).

81. Notice of Proposed Actions are not authorized to be filed within Official Personnel Files (OPF), so no further action was required to complete the removal of his Notice of Proposed Demotion action from his OPF. (Tab 51(21))

82. The Notice of Decision – Suspension was converted to Leave Without Pay on December 3, 2002 with an effective date of February 5, 2002. (Tab 52(22))

83. The previously delayed Within Grade Increase, which was delayed 6 months from the November 2001 date was granted retroactively to the closest pay period to May 17, 2002 on

December 2, 2002.  (Retroactive to May 19, 2002).  (Tab 53(23))

85. Management and Mr Strunk met on or about February 5, 2004 and discussed his position description and duties.  Management and Mr Strunk reviewed his current position description and duties and agreed that they were an accurate recitation of the duties that Mr. Strunk should be required to perform successfully.  No changes were required in the position description.  (Affidavit at Tab 54(24))

85. On April 25, 2005, the Complainant filed his Complaint in United States District Court, including these and other allegations of discrimination.  (Tab 9).

86. On June 8, 2005, Mr Charles Miller, Director, DCMA EEO Program submitted an affidavit stating that the complainant failed to file a complaint with Agency headquarters regarding breach of an EEO Settlement Agreement.  (Tab 55(25)

                              For the Defendant,

                              By his Attorneys,

                              MICHAEL J. SULLIVAN,
                              United States Attorney

                              /s/ Rayford A. Farquhar
                              Rayford A. Farquhar
                              Assistant U.S. Attorney
                              1 Courthouse, Suite 9200
                              Boston, MA  02210
                              (617) 748-3284

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                                                            Boston, Massachusetts
                                                                           June 9, 2006

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participates as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2006.

.

                                           /s/ Rayford A. Farquhar
                                           Rayford A. Farquhar
                                           Assistant U.S. Attorney